IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PRESTAGE FARMS, INC.                                                      PLAINTIFF

VS.                                                    CAUSE NO.: 1:10cv32-GHD-JAD

BRYAN FOODS, INC. AND JOHN DOES 1-5
AND ABC CORPORATIONS A-M                                                  DEFENDANTS

## OPINION DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLAIMS UNDER THE PACKERS AND STOCKYARDS ACT

Presently before the Court is the Defendant Bryan Foods, Inc's motion to dismiss Plaintiff's claims under §§ 192 and 228b the Packers and Stockyards Act of 1921, 7 U.S.C. §§ 181-229 ("PSA"). After reviewing the motion, responses, rules and authorities, the Court finds the motion should be denied.

*Factual and Procedural Background*

This case arises out of contractual agreements entered into by Prestage Farms, Inc. ("Prestage") and Bryan Foods, Inc. ("Bryan") for Prestage to supply butcher hogs to Bryan's former facility located in West Point, Mississippi. Disputes regarding the classification of hogs and the price paid for the hogs arose between Prestage and Bryan. Prestage alleges that after the closure of the West Point facility, Bryan began to wrongfully downgrade and/or misclassify hogs in violation of the contractual agreements. Due to these disputes, on February 17, 2010, Prestage filed the present action against Bryan asserting claims for breach of contract and for violations of §§ 192 and 228b of the PSA.

On July 30, 2010, Defendant Bryan filed the present motion to dismiss Plaintiff's claims under §§ 192 and 228b of the PSA. On October 26, 2010, pursuant to a Stipulation of Dismissal,

Plaintiff agreed to dismiss its § 192 claim. Therefore, the Court finds the motion to dismiss as it seeks dismissal of Plaintiff's § 192 claim is moot.

*Motion to Dismiss Standards*

To overcome a Federal Rules of Civil Procedure 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *accord Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868, 883-85 (May 18, 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 556). However, if the assertions made within a complaint, even if true, "'could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (*citing Twombly*, 550 U.S. at 558, 127 S.Ct. 1955) (internal quotation marks omitted)).

*Discussion*

As noted earlier, Plaintiff has already voluntarily dismissed any claims under § 192 and therefore the Court will only address the motion to dismiss at to Plaintiff's claims under § 228b of the PSA.

PSA § 228b(a) provides, in part, "[e]ach packer, market agency, or dealer purchasing livestock shall, before the close of the next business day following the purchase of livestock and transfer of possession thereof, deliver to the seller...the full amount of the purchase price..." 7 U.S.C. § 228b(a). § 228b(c) further provides, "[a]ny delay or attempt to delay by a market agency, dealer, or packer purchasing livestock, the collection of funds as herein provided, or

otherwise for the purpose of or resulting in extending the normal period of payment for such livestock shall be considered an 'unfair practice' in violation of this chapter. Nothing in this section shall be deemed to limit the meaning of the term 'unfair practice' as used in this chapter." 7 U.S.C. § 228b(c).

In Defendant Bryan's motion to dismiss Plaintiff's claims under § 228b of the PSA, Bryan relies upon the Fifth Circuit's opinion in *Wheeler v. Pilgrims' Pride Corp.*, 591 F.3d 355 (5th Cir. 2009), to support its argument that Plaintiff has not stated an actionable claim under § 228b of the PSA because the Plaintiff failed to allege anti-competitive activities by Bryan.

In *Wheeler*, plaintiffs grew chickens for the defendant poultry producer and sued the defendant for its "deceptive, unlawful, unfair, capricious, arbitrary and discriminatory" practice in violation of § 192(a) and (b). *Wheeler*, 591 F.3d at 357. As stated above, Bryan relies on *Wheeler* in its motion to dismiss all claims under both § 192 and § 228. The *Wheeler* court ruled that "only those practices that will likely affect competition adversely violate the Act." However, the Wheeler court continued by saying "[t]his appeal is concerned only with § 202 of the Packers and Stockyards Act...codified as 7 U.S.C. § 192." *Id.* Throughout Bryan's argument it fails to acknowledge that *Wheeler* only addressed claims under § 192(a) and (b) and did not address claims under § 228b.

In its response, Plaintiff argues that § 228b is the "timely payment provision" of the PSA and is an independent claim that does not require Plaintiff plead or show unfair or deceptive trade practices by Bryan for it to be actionable. Plaintiff states in its memorandum brief in opposition to Defendant's motion that it could not find any case law which requires anti-competitive practices be plead in order to have an actionable claim under the PSA.

In Defendant's response memorandum in support of its original motion to dismiss, Defendant completely failed to argue Plaintiff's § 228b claim should be dismissed. In fact, in a footnote Defendant states "§ 228b may not require proof of an anti-competitive effect." See Defendant's memorandum in support, docket entry 33, FN 1.

The Court failed to find any case law directly on point or any finding that in order to have an actionable claim under § 228b anti-competitive practices must be alleged. In fact, in Judge Garza's dissenting opinion in *Wheeler*, in which he argues that competitive injury should not be required to have a claim under § 192(a) and (b), Judge Garza states:

> Further, Congress provides an example of an 'unfair practice' in § 228b-1(b), which concerns prompt payment by live poultry dealers in cash sales. It provides that "any delay or attempt to delay" collection of funds in such sales "shall be considered an 'unfair practice' in violation of this chapter. Nothing in this section shall be deemed to limit the meaning of the term 'unfair practice' as used in this chapter." 7 U.S.C. § 228b-1(b). The failure to pay one grower promptly would have no apparent adverse effect on competition; yet Congress expressly states that it is an "unfair practice" under the PSA.

*Wheeler*, at 576-77 (Garza, J., dissenting).

The Court refuses to rule that a purchaser who has failed to timely pay pursuant to § 228 of the PSA cannot be found in violation of the PSA merely because his failure to pay did not amount to "anti-competitive" activities." Not only is there no case law to support such argument, Defendant admits that "§ 228b may not require proof of an anti-competitive effect."

*Conclusion*

Accordingly, the Court finds that Plaintiff sufficiently plead adequate facts to state a claim under PSA § 228b and that Defendant has failed to show Plaintiff did not raise a claim of entitlement to relief. Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is unfounded and should be denied.

THEREFORE, it is hereby ORDERED that the Defendant's motion to dismiss (docket entry 23) is DENIED.

A separate order in accordance with this opinion shall issue this day.

SO ORDERED, this the 18th day of March, 2011.

_____
Senior Judge